UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN CAMPBELL, d/b/a ESSENTIAL SERVICES.COM, and DAVID LOWERY, <br><br>　　　　Plaintiffs, <br><br>VS. <br><br>PETER TOLLEY, <br><br>　　　　Defendant. | § § § § § § § § § § § § § § |

CIVIL ACTION NO. H-04-0915

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's second motion to dismiss Plaintiffs' Complaint, pursuant to FED. R. CIV. P. 12(b)(2), for lack of personal jurisdiction. After reviewing the parties' filings and the applicable law, the Court finds that the motion, Docket No. 37, should be and hereby is **GRANTED** and that Plaintiffs' claims should be and hereby are **DISMISSED WITHOUT PREJUDICE**.

### I.　BACKGROUND

Defendant is an attorney and a partner in the law firm Tolley, Vanden, Bosch, Korolewicz & Brengle, P.C., which is located in Grand Rapids, Michigan. Plaintiffs, who reside in the Southern District of Texas, are providers of litigation support services. In 2001, Plaintiffs agreed to perform investigative and other services for Mark A. Forehand and Teresa J. Huehn, both non-Texas residents. Forehand and Huehn were at that time attempting to recover compensation from General Motors ("GM") for injuries caused by an allegedly defective fuel system that caught fire when Forehand's truck, in which Forehand and Huehn were riding, was struck by another vehicle. Defendant later

1

agreed to represent Forehand and Huehn in their negotiations with GM and eventually filed suit on their behalf against GM in a Wisconsin state court.  The parties to that suit reached a settlement agreement in January 2004, and the settlement funds were paid into an escrow account maintained by Defendant's firm.

Plaintiffs filed the instant case in March 2004, alleging that Defendant had wrongfully refused to disburse to Plaintiffs their share of the settlement funds.  Plaintiffs' First Amended Complaint asserts claims for breach of contract, tortious interference with contract, conversion, fraud, negligence, quantum meruit, and unjust enrichment.  Defendant now moves to dismiss on the ground that this Court lacks personal jurisdiction.

## II.	ANALYSIS

### A.	Legal Standard

The jurisdiction of federal courts is cabined by the Due Process Clause of the Fourteenth Amendment.  According to the Fifth Circuit:

> In deciding whether personal jurisdiction is consistent with the Due Process Clause, a three-prong test is applied: (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether [he] purposely directed [his] activities toward the forum state or purposely availed [him]self of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  A defendant's minimum contacts must be "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  The

minimum contacts rule serves two functions: "[i]t protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

### B. General Jurisdiction

"Where a defendant has continuous and systematic general business contacts with the forum state . . ., the court may exercise general jurisdiction over any action brought against that defendant." *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal quotation marks and citation omitted). Plaintiffs contend that Defendant is subject to general jurisdiction in Texas because he has performed legal and other work in Texas since the 1970s. In recent years, Defendant's work in Texas appears to have consisted of one trial in 2001-2002 (Pls.' Resp. to Def.'s Mot. to Dismiss at 2; *id.*, Ex. H, at 20.12-20.14) and another in 2003 (*id.*, Ex. H, at 4.24-5.1), during which Defendant was admitted to practice in Texas *pro hac vice* (*id.*, Ex. H, at 11.12-11.13), and minor involvement a surety case that was never litigated (*id.*, Ex. H, at 12.16-12.18).

The Fifth Circuit has held that a defendant does not accede to general jurisdiction in Texas even where the defendant "routinely arranges and receives . . . shipments to and from Texas and . . . sends sales people to the state on a regular basis to develop business, negotiate contracts, and service regular accounts." *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). According to that court, even if such a defendant's contacts with Texas could be seen, "in some sense, [as] continuous and systematic, [those] activities, *in toto*, are clearly not substantial enough to justify

3

subjecting [the defendant] to suit in . . . Texas based on a theory of general personal jurisdiction." *Id.; see also Wilson v. Belin*, 20 F.3d 644, 649-51 (5th Cir. 1994) (declining to exert general jurisdiction over an attorney who, *inter alia*, carried malpractice insurance through a Texas firm for several months, performed one *pro bono* project per year in Texas, gave a legal seminar in Texas, and served as a consultant to a Dallas historical society for several years).

Similarly, in this case, Defendant's contacts with Texas in recent years have been sporadic and infrequent. Defendant owns no property in Texas, is not licensed to practice law here, and is currently engaged in no litigation or other work here. A few brief visits over the course of several years in connection with cases unrelated to this one do not suffice to expose him to general jurisdiction in the state of Texas. If Plaintiffs' jurisdictional theory were to prevail, some law firms could be sued in every state in this country (and in many foreign countries) simply because, at some time, they had assisted a client there. This prospect offends traditional notions of fair play and substantial justice.

### 2. Specific jurisdiction.

"Where [a defendant's] contacts [with the forum state] are not pervasive, [a] court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." *Luv n' Care*, 438 F.3d at 469 (internal quotation marks omitted). Plaintiffs argue that Defendant is subject to specific jurisdiction in this Court because Plaintiffs' claims in this case arise from services to Defendant rendered by Plaintiffs in Texas. "Simply stated, [however,] incidental contacts in the form of communication between an out-of-state lawyer and his in-state client, concerning legal services required solely for a matter that occurred out-of-state and involved litigation in

out-of-state courts does not give rise to specific jurisdiction, without more." *Taylor v. Underwood*, No. 00-10241, 2000 WL 1568153, at *2 (5th Cir. 2000) (unpublished disposition).[1] *See also Trinity Indus., Inc. v. Myers & Assocs., Ltd.*, 41 F.3d 229, 231 n.8 (5th Cir. 1995) (citing *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223 (8th Cir. 1987), in which the court held that personal jurisdiction over a defendant attorney did not lie where the litigation arose from a single lawsuit and the principal connection between the litigation and the forum was the plaintiff's residence).  Thus, even if the Court were to adopt Plaintiffs' position that Defendant was a beneficiary of Plaintiffs' contracts with Forehand and Huehn, that fact would not, without more, give rise to specific jurisdiction over Defendant in Texas.

**CONCLUSION**

Because this Court has neither general nor specific jurisdiction over Defendant, his motion to dismiss is hereby **GRANTED**, and Plaintiffs' claims against him are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 23rd day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] According to Fifth Circuit Rule 47.5.4, unpublished opinions issued on or after January 1,1996 are not binding precedent but may be persuasive and may, therefore, be cited.